STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss.                          CIVIL ACTION
                                         DOCKET NO: AP-08-12

KARL KELLEY

              Plaintiff
                                         ORDER ON DEFENDANT'S
                                         DISTRICT COURT APPEAL
       v.

GESSNER ENTERPRISES, INC.

              Defendant

       Before the Court is Defendant's appeal of a district court judgment against

it pursuant to M.R. Civ. P. 76D

                            **BACKGROUND**

       On July 28, 2007, Defendant Karl Kelley ("Kelley") took his 1997 Saab

9000 Aero to a Midas auto shop, located in Westbrook and owned by Defendant

Gessner Enterprises Inc. ("Gessner"), to get his automobile inspected. While

there, Mr. Kelley was informed that in order for his car to pass inspection, he

would need to have his CV boots replaced.[1] Two days later, Mr. Kelley left his

car with Gessner to have his car's CV boots replaced.

       On July 31, 2007, Mr. Kelley's wife, Sylvia, picked the car up at Gessner.

As soon as she began operating the vehicle, Ms. Kelley noticed that the car would

vibrate excessively if it reached the speed of 30 miles per hour.

       On August 2, 2007, Mr. Kelley took the car back to Gessner to notify them

of the problem and to have them make the necessary repairs. However, after

---

[1] A CV boot is a component of a constant velocity joint, which allows a rotating shaft to transmit power through a variable angle, at constant rotational speed, without appreciable increase in friction.

leaving his car at Gessner for a few hours, Mr. Kelley, questioning the quality of work done there, took his car to another repair shop, Back Bay Auto.

Back Bay Auto fixed Mr. Kelley's car, informing him that the CV joints and inner transmission cups were badly damaged, and that Gessner had put the wrong kind of CV boots on the car, causing them to rub up against the joints. Back Bay Auto fixed Mr. Kelley's car at a cost of $2,322.42.

Mr. Kelley sent a letter, dated August 13, 2007, to Gessner seeking reimbursement for the amount he paid Back Bay Auto to fix the problems caused by Gessner's work. Gessner refused to compensate Mr. Kelley, and Mr. Kelley initiated suit in small claims court alleging that Gessner did not meet its duty to fix his car in a reasonably skillful and workmanlike manner, and therefore, he was entitled to damages equal to the amount it cost him to fix the problems Gessner created.

On February 7, 2008, the District Court (Powers, J.) found that Gessner wrongly repaired Mr. Kelley's vehicle and that Mr. Kelley was not bound to return his vehicle to Gessner for repair because Gessner wrongly repaired the car in the first place. As such, the Court held that Gessner owed Mr. Kelley the reasonable cost of repairs made by Back Bay Auto.

## DISCUSSION

A party may appeal a judgment of the district court to the Superior Court, and this Court's review of a district court judgment is restricted to legal questions. M.R. Civ. P. 76D. Factual determinations of the district court will be upheld unless they are "clearly erroneous." *Id.* A court's finding is clearly erroneous "only if there is no competent evidence in the record to support it." *Wrenn v. Lewis*, 2003 ME 29, ¶13, 818 A.2d 1005, 1009.

2

Here, because the hearing was not recorded, the appellant was required to serve a statement in lieu of a transcript to the appellee and then submit the statement to the court for settlement and approval. *See* M.R. Civ. P. 76F(c).[2] While Gessner filed an appeal with the court, served it on Mr. Kelley, and also submitted an argument brief to the court, its submissions do not satisfy Rule 76(F)(c). Without a record of the proceedings or a settled and approved statement, the Court must assume that there was sufficient evidence to support the district court's factual findings. *Alley v. Alley* 2002 ME 162, ¶2, 809 A.2d 1262, 1262; *State v. Nugent*, 2002 ME 111, ¶2, 801 A.2d 1001, 1002.

The entry is:

The judgment of the district court is AFFIRMED. Defendant's appeal is DISMISSED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _____

_____
Roland A. Cole
Justice, Superior Court

---

[2] The Rule states:

In any case in which electronic recording would be routine or has been timely requested under Rule 76H(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection, for use instead of a transcript. This statement shall be served on the appellee within 10 days after an appeal is taken to the Superior Court, and the appellee may serve objections or propose amendments thereto within 10 days after service upon the appellee. Thereupon the statement, with the objections or proposed amendment, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal filed with the Superior Court.

KARL KELLEY
PO BOX 66796
FALMOUTH ME 04105

GESSNER ENTERPRISES INC
MARK MOGREN-OWNER
95 LARRABEE ROAD
WESTBROOK ME 04092